UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **BEYOND THE DOG, LLC,** | CASE NO. 1:25-mc-188 |
| Plaintiff, | |
| v. | |
| **ALLYSON SALZER AND CANINE BEHAVIORAL BLUEPRINTS, LLC,** | |
| Defendants. | |
| | |
| **ALLYSON SALZER AND CANINE BEHAVIORAL BLUEPRINTS, LLC,** | |
| Counterclaim Plaintiffs, | |
| v. | |
| **BEYOND THE DOG, LLC, KRISTYN ECHTERLING-SAVAGE, AND SEAN SAVAGE,** | |
| Counterclaim Defendants. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S AND COUNTERCLAIM DEFENDANTS' MOTION TO QUASH SUBPOENA DUCES TECUM**

Beyond the Dog, LLC, a Missouri limited liability company ("BTD") as Plaintiff, and Sean Savage and Kristyn Echterling-Savage (the "Savages"), Florida residents who have pending motions to dismiss in the underlying suit, as Counterclaim Defendants, by their attorneys, Zangari Cohn Cuthbertson Duhl & Grello P.C., respectfully submit this Motion to Quash or for a Protective Order with regard to a subpoena dated March 28, 2025, issued to Verizon by Defendants (the "Subpoena") in the underlying action currently pending in the United States District Court for the District of Connecticut.  The Savages appear for the sole purpose of this motion and reserve all rights and defenses, including the right to challenge personal jurisdiction in the underlying suit.

**PRELIMINARY STATEMENT**

Defendants have improperly sought thirty-six (36) months of personal cellphone records, including call logs and the full content of all text messages, emails, images and call recordings from the Savages personal cellphones. As will be shown below, the Subpoena seeks irrelevant matters, is not proportionate to the needs of discovery in this case, will result in the disclosure of confidential attorney-client and work product, disclose medical information and information protected under the spousal privilege, and other claims and matters distinctly outside the scope of the claims and defenses in the underlying action as well as improperly invades the Savages' privacy interests. As such, the Savages and BTD have standing under Rule 45 and Rule 26 to seek relief through a motion to quash or motion for protective order, respectively.

**I. FACTUAL BACKGROUND**

On March 28, 2025, Defendants notified counsel for Plaintiff of their intent to serve a subpoena on Verizon demanding thirty-six months of records for the Savages' personal phone records. The Subpoena, later confirmed via email, seeks not only call logs but also audio recordings, emails, messages (SMS, social media, chat), calendar entries, diaries, and photographs—effectively compelling a wholesale invasion of the Savages' private lives. See Declaration of Glenn A. Duhl, Esq., dated April 25, 2025 ("Duhl Decl."), Ex. A.

By letter, dated March 31, 2025, Plaintiff objected to the Subpoena, citing the Subpoena's overbreadth, irrelevance, undue burden, privacy violations under Florida law, privilege concerns (spousal, attorney-client, medical), and defective service under FRCP 45(a)(4). In Plaintiff's written objections, Plaintiffs requested that Defendants withdraw the subpoena. Defendants responded solely attaching a copy of the original subpoena, ignoring Plaintiffs objections.

**I. LEGAL ARGUMENT**

Plaintiffs assert seven separate legal grounds for this motion to quash or for protective order, pursuant to Fed.R.Civ.P. 45(d)(3) and 26(b)(1) and (2). Fed.R.Civ.P. 45(c)(3)(B)(i) allows the court to quash, modify or condition a subpoena to protect a person affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information. See *Sierra Rutile Limited v. Katz*, 1994 WL 185751, * 2 (S.D.N.Y.1994) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2457 (1971); *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998). The Savages have standing for the present motion based on their personal interest in the subject matter of the Subpoena, their phone and textual communications. *Gilead Scis., Inc. v. Khaim*, 755 F. Supp. 3d 285, 293 (E.D.N.Y. 2024) ( A party may object to a subpoena issued to a non-party if the objecting party claims some personal right, real interest in, or privilege concerning the documents at issue") *citing See Est. of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009); *Silverstone Holding Group, LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., Ltd.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023) (a party may object to third party subpoena that seeks information "from or about" the objecting party); *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (a party may challenge a subpoena issued to a non-party seeking information related to personal rights or privacy privileges of the party). Numerous cases recognize a personal privacy interest in cell phone records. *See e.g. Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of New York & New Jersey,* 15CV3526KMWRLE, 2017 WL 4403310, at *5 (S.D.N.Y. Sept. 29, 2017) citing *Riley v. California*, 134 S. Ct. 2473, 2493 (2014), *See also Bakhit v. Safety Marking, Inc.,* No. 13-CV-1049 (JCH), 2014 WL 2916490, at *3 (D. Conn. June 26, 2014) (discussing "the privacy concerns implicated by the modern cell phone" in denying a request for inspection of cell phones for the purpose of discovery); *Trooper 1 v. New*

*York State Police*, 22-CV-893 (LDH) (TAM), 2025 WL 327975, at *5 (E.D.N.Y. Jan. 29, 2025); *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F. Supp. 3d 613, 619 (E.D. La. 2022). Consistent with the 2nd Circuit precedent, the Plaintiffs have standing[1] to seek to quash the Subpoena seeking thousands, if not tens of thousands of privileged, personal and highly private communications of the Savages which includes their spousal communications, medical information and attorney-client communications. *Id*.

"[T]he party issuing the subpoena bears the initial burden of demonstrating the relevance of the requested documents," and "the party seeking to quash the subpoena bears the burden of demonstrating that one of the grounds for quashing a subpoena applies." *Malibu Media, LLC v. Doe*, 2016 WL 5478433, at *2 (S.D.N.Y. 2016) (quotations and citations omitted).

A. The subpoena improperly ignores the Savages privacy interests.

The Savages have a protected privacy right in the records and content of their communications with their friends, family, doctors and attorneys. Defendants improper subpoena requires the unwarranted disclosure of personal, privileged and separate private business interest and confidential commercial and financial information that have no relationship whatsoever to this litigation and are distinctly outside the scope of Defendants' claims.

---

[1] Even if the Plaintiffs do not have standing –which they do--,the Court has standing to exercise its inherent authority to limit irrelevant or non-proportional discovery. *Hughes v. Hartford Life & Accident Ins. Co.*, 507 F. Supp. 3d 384, 405 (D. Conn. 2020)( "the question of standing is beside the point where the objection to the subpoena is on relevance or proportionality.") *Allstate Ins. Co. v. All Cnty., LLC*, 2020 WL 5668956, at *2 (E.D.N.Y. 2020) (construing defendant's motion to quash a subpoena on relevancy and proportionality grounds as a motion for a protective order pursuant to Rule 26(c)(1)). The federal courts have broad discretion to manage the manner in which discovery proceeds. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003).

Courts have long acknowledged the privacy interests of an individual in their cellphones. *See e.g., Riley v. California*, 573 U.S. 373, 381-82 (2014); *United States v. Fox*, 2024 WL 3520767, at *6 (E.D.N.Y. July 24, 2024), *appeal withdrawn sub nom*; *United States v. Cross-Mcknight*, 2024 WL 4925220 (2d Cir. 2024). In addition, although the discovery rules are liberal, the Florida Constitution contains an express right to privacy which protects the Savages private, personal phone records. *Wharran v. Morgan*, 351 So. 3d 632, 636 (Fla. Dist. Ct. App. 2022) *citing Weaver v. My*ers, 229 So. 3d 1118, 1125 (Fla. 2017) (quoting art. I, § 23, Fla. Const. (1980) ("Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein."). The "fundamental right to privacy" in the Florida Constitution "is much broader in scope than that of the Federal Constitution." *Id. quoting Winfield v. Div. of Pari-Mutuel Wagering*, 477 So. 2d 544, 548 (Fla. 1985). Florida's right to privacy also protects personal financial information, medical records and cell phone data. *Id. citing Antico v. Sindt Trucking, Inc.*, 148 So. 3d 163, 165 (Fla. 1st DCA 2014); *Holland v. Barfield*, 35 So. 3d 953, 956 (Fla. 5th DCA 2010). Because Florida state law protects the Savages private, personal phone records, the production of discovery that implicates their privacy rights demonstrates irreputable harm. *Id. citing Fla. First Fin. Grp., Inc. v. De Castro*, 815 So. 2d 789, 791 (Fla. 4th DCA 2002).

The Subpoena likewise ignores the significant privacy interest the Savages have in their telephone records. The overbreadth of the Subpoena targets thousands of personal, private and privileged communications, by and between the Savages, their attorneys, medical providers, and others, implicating thousands of interactions shielded by the spousal privilege, the attorney-client privilege, medical privacy regulations and Florida's constitutional and statutory privacy protections. For these reasons, the Court should quash the subpoena.

B. The subpoena does not seek relevant documents

5

In a breach of contract and trade secret misappropriation case, the private, personal and privileged phone records are not relevant to any of the claims or defenses in the underlying case. Defendants have failed to provide any basis upon which to thwart or otherwise disturb the Savages right to privacy in the recordings of their phone calls. *See Peddy v. L'Oreal USA Inc.,* 2019 WL 3926984, at *2 (S.D.N.Y. 2019); *Pursley v. City of Rockford*, 2020 WL 1433827, at *4 (N.D. Ill. 2020). Courts regularly quash subpoenas where there is no relevance regarding the subpoenaed information and the issues present in the litigation. *See, Morocho v. Stars Jewelry by A Jeweler Corp.*, 345 F.R.D. 292 (S.D.N.Y. 2024); *Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir.1975).

In addition, a party may seek relief from a third-party subpoena pursuant to Fed.R.Civ.P. 26(b)(2) when the subpoena seeks discovery outside the permissible bounds set by Fed.R.Civ.P. 26(b)(1) or is obtainable through other, less burdensome or more convenient means.

With its subpoena to Verizon, Defendants made no effort to show relevance nor to limit its subpoena to relevant matters. Nor did Defendants establish that the Savages had any relevant communications with anyone about the subject matter of this action or that any such telephone conversation was disputed. In short, Defendants subpoena should be quashed because it seeks no relevant documents.

C. The subpoena is disproportionate to the needs of discovery in the underlying action.

Third, the subpoena is not limited in scope in any way whatsoever. The Defendants have not stated any reason (yet) for requesting <u>all</u> of the Savages cellphone records, text messages, emails and so forth for the full thirty-six (36) months. The temporal scope of Defendants' phone records request does not even correspond to the facts in the case which concerns a period commencing in February 2023, when Defendant Salzer ended her employment with BTD and stole

6

Plaintiff's proprietary information. This boundless scope renders the Subpoena overbroad and inconsistent with the needs of discovery in this case.

Subpoenas served on non-parties are subject to the relevance **and** proportionality requirements of Rule 26(b)(1). (emphasis added) *See Joint Stock Co. Channel One Russia Worldwide v. Informer LLC*, 2018 WL 6712769, at *5 (S.D.N.Y. 2018). The overbreadth of the Subpoena far exceeds any relevance to the claims or defenses of the underlying litigation and is "nothing more than a fishing expedition" which is not proportional or justified in the current litigation. *See Turner v. Connecticut Lottery Corp.*, 32022 WL 1125396, at *4 (D. Conn. 2022).

As this Court previously ruled in quashing a subpoena for cell phone records, "the production of phone records, without more, would reveal, at most, that plaintiff was on the telephone at certain times. This is insufficient to justify the expansive subpoena that has been server on [Verizon]." *Morocho v. Stars Jewelry by A Jeweler Corp.*, 345 F.R.D. 292, 295 (S.D.N.Y. 2024); *Gonzalez v. Allied Concrete Indus., Inc.*, 2016 WL 4444789, at *4 (E.D.N.Y. 2016) ("Defendants merely speculate that in light of Plaintiffs' general allegations in their Amended Complaint, somehow their cell phone records for the past six years will lead to promising evidence. However, such an unsupported theory is entirely too speculative to warrant a wholesale intrusion into the private affairs of the Plaintiffs."); *cf. Perry v. The Margolin & Weinreb Law Grp. LLP*, 2015 WL 4094352, at *4 (E.D.N.Y. 2015) (court explicitly grounded its decision to permit disclosure of sampling of plaintiff's cell phone records on plaintiff's deposition testimony that she occasionally made telephone calls while at work and, even so, evidence was considered only "marginally relevant").

Here, there has been no showing that any of the phone records or content thereof is relevant to the claims or defenses in the underlying litigation. Defendants admitted to the Connecticut Court

that, "[the underlying] case is not overly complex. Rather, [it] is based on straightforward facts that need not deviate from the standard discovery provided under the Federal Rules." See Duhl Decl., Ex. B. (*Beyond the Dog, LLC v. Salzer et al.,* Doc 83 at 3 3:24 Civ 01439 (VAB), Filed April 18, 2025). The underlying case, which involves non-compete and trade secret misappropriation claims, has nothing to do with the content or record of any phone calls of the Savages. But even if it did, Defendants' request for thousands of highly private, privileged and personal phone messages, have nothing to do with the straightforward and simple case Defendants claim and is highly disproportionate and in excess of the needs and merits of the case. Like *Morocho*, this Court should reach the same result and grant Plaintiffs' motion to quash.

D. The subpoena is overly broad.

In addition to not seeking relevant documents and being disproportionate to the needs of discovery in this case, Defendant's subpoena is overly broad. The overly broad nature of the request provides an independent reason why this Court should quash or prohibit enforcement of Defendant's' subpoena to Verizon for 36 months of the Savages' multimodal communications including their cellphone records, call recordings, emails, social media posts and text messages, none of which are facially relevant to the underlying dispute.

Schedule "A" attached to the subpoena contains a list of definitions including the following two paragraphs 6 and 7 for the terms Communications and Documents (abbreviated for conciseness):

> 6. "Communication," including: any transmittal of information(in the form of facts, ideas, inquiries, or otherwise) in any form, written or oral, including notes, correspondence, memos, letters, emails, calendar and meeting invitations, appointment books, audio recordings of telephone calls, voicemails, instant messages, text messages, SMS messages,

8

diaries, messages, posts, or other communications via chat messenger, WhatsApp messages, and messages and posts, to X, Facebook, Instagram, and any other online form or platform, or any other similar physical or electronic information.

7. "Document(s)" includes, without limitation, all memoranda, notes, interoffice and intra-office Communications, telex messages, annotations, working papers, drafts, telegrams, letters, emails, computer models, spreadsheets, data, reports, accounts, records, calendars, diaries, minutes, resolutions, contracts or other legal Documents, insurance policies, telephone or personal Communications, tape recordings, photographs, microfilms, films, stenographic notes, bulletins, notices, information stored on computers in any form, recorded matter of any character. This includes all ESI, including email, instant messages, shared network files, databases or storage media.

As made clear by the definitions attached to the Subpoena, Defendants' subpoenas are intended to require production of the content of the Savages private communications not just the call logs or phone records. There is no indication that the substance of the Savages calls has any bearing or relevance to the claims or defenses in the underlying litigation. Because Defendants' requests are so overly broad and unlimited, they cannot be cured by limiting the records sought to a certain type of records or a specific date range. Unlike the requesting party in many of the cases previously decided by this Court, Defendant is not focusing upon the Savages cellphone use during a certain time period to try to prove a specific factual issue.

For example, there is no allegation in the complaint that the Savages made personal phone calls to the Defendants. To the contrary, the communications alleged in the complaint primarily revolve around the pre-litigation letters sent from counsel for BTD to Defendants – not from the

9

Savages. However, even if there were, there is no attempt to limit the Subpoena to calls made to Defendants or messages sent personally by the Savages using their personal cellphones.

The requested discovery has no nexus to the relevant time frame or issues in the underlying action. Defendants' subpoena is so overly broad that there is no logical basis to believe that the requested records, communications or documents have any nexus to the underlying case. Because the information sought has no nexus to the underlying business tort claims (trade secret misappropriation and breach of contract), Plaintiff believes the sole purpose is to harass, vex and/or oppress the Savages. *Melendez v. Greiner*, 2003 WL 22434101, at *1 (S.D.N.Y. 2003) (discovery is only limited when " 'sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant,' " or privileged) *quoting In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir.1992). Because this information has no relevancy to the case and is so far in excess of the scope and proportionality of any plausible discovery it constitutes an improper fishing expedition under 26(b). *See Turner v. Connecticut Lottery Corp.*, 2022 WL 1125396, at *4 (D. Conn. 2022).

Furthermore, the Subpoena is not even limited to an identifiable phone number. The request for records includes *any* phone numbers that belonged to or were *used primarily by the Savages*. The over broad Subpoena encompasses phone numbers which may belong to other parties, not just the Savages. Defendants' refusal to limit their request to an identifiable phone number reflects the fishing expedition nature of their request. While it is unclear how Verizon will determine which phone numbers to collect records, emails, photographs and messages from, based on the overly broad request, the Defendants appear to be unsure. While Defendants can seek discovery based on relevant evidence, they "cannot simply engage in a 'fishing expedition' based on bare speculation that additional data might reveal something beneficial." *See Loma Deli Grocery Corp. v. United States*, 2021 WL 4135216, at *12 (S.D.N.Y. 2021).

E. The subpoena improperly seeks to intrude into privileged matters.

The fifth basis to quash the subpoena to Verizon is that it would intrude into the attorney-client privilege, the spousal privilege and the doctor patient privilege. Rule 45 obligates the Court to modify or quash a subpoena that, inter alia, "requires disclosure of privileged or other protected information" or "subjects a person to undue burden." *Gilead Sciences, Inc. v. Khaim*, 755 F.Supp.3d 285 (E.D.N.Y 2024) *citing* Fed. R. Civ. P. 45(d)(3)(A).

The possibility of producing privileged communications, text messages, emails and the like should itself be avoided. Despite being informed of the issue, Defendants appear to have made no efforts to limit the Subpoena to avoid obtaining privileged communications. Nor does there appear to be a simple solution for culling privileged matter from the tens of thousands of calls and messages for the past thirty-six (36) months of the Savages personal phone records.

The Savages have communicated with counsel by text message about matters related to this litigation and also about matters unrelated to this litigation. In addition, the Savages have communicated with their medical professionals about their medical needs and have communicated with each other via text and email.

As indicated under the 2015 Amendment to the Fed.R.Civ.P. 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See Morocho*, 345 F.R.D. at 294.

1. Attorney-client privilege

The request seeks privileged, attorney-client communications. Communications with counsel are protected as attorney-client privilege and by the work-product doctrine. The fact that any of the documents requested is relevant, which Defendants have not shown, does not override the attorney-client privilege. *Westchester Surplus Lines Ins. Co. v. Portofino Masters Homeowners*

11

*Assoc., Inc.*, 347 F.R.D. 228, 234 (N.D. Fla. 2024). *See also United States v. Mejia*, 655 F.3d 126, 132 (2d Cir.2011) *citing In re County of Erie*, 473 F.3d 413, 419 (2d Cir.2007); *United States v. Const. Prod. Research, Inc.,* 73 F.3d 464, 473 (2d Cir.1996); *Upjohn Co. v. United States*, 449 U.S. 383, 389, (1981) (the purpose of the attorney-client privilege is to encourage attorneys and their clients to communicate fully and frankly and thereby to promote "broader public interests in the observance of law and administration of justice.").

    2. Spousal Privilege

The Subpoena also seeks the disclosure of confidential communication between spouses. The Savages have been married for 18 years. Both New York and Florida recognize the spousal privilege which covers confidential communications between spouses. Under Florida Statute § 90.504(1), "[a] spouse has a privilege … to refuse to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses…." See also *United States v. Helbrans*, 570 F. Supp. 3d 83, 87–88 (S.D.N.Y. 2021) ("the marital communications privilege, protects private and confidential communications between spouses from disclosure"), *citing Blau v. United States*, 340 U.S. 332, 333, (1951); *Wolfle v. United States*, 291 U.S. 7, 14, (1934); *See also Pereira v. U.S.*, 347 U.S. 1, 6 (1954), *Blau v. U.S.*, 340 U.S. 332, 333 (1951); *U.S. v. Taylor*, 92 F.3d 1313, 1332 (2d Cir. 1996) (conversations between spouses are presumed confidential).

    3. Doctor-Patient Privilege

The Subpoena also seek the disclosure of doctor-patient communications. Under both Florida and New York state law, the Savages have a reasonable expectation to the privacy of their medical information and from having their phone communications subpoenaed in federal court in a case where their medical information is not relevant to any claim or defense and the disclosure

of their private medical information would invade their privacy and subject them to the undue burden and harassment of having their protected health information publicly disclosed. *See Jones v. Commercial Union Ins. Co.*, 161 F.R.D. 240, 242 (W.D.N.Y. 1994) ("New York provides a privilege for both physician-patient and psychologist-client relationships.") *See also* C.P.L.R. §§ 4504, 4507; *In re Doe*, 964 F.2d 1325, 1328 (2d Cir.1992) (recognizing the existence of a psychotherapist-patient privilege under Fed.R.Evid. 501).

In Florida, where the Savages reside, they have a state constitutional right to privacy which protects their medical records. *State v. Sun*, 82 So. 3d 866, 869–70 (Fla. Dist. Ct. App. 2011). *See also,* West's F.S.A. Const. Art. 1, § 23. The Florida Constitution provides, in part, that "Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein." *Id*. The state constitutional right to privacy protects medical records. See *State v. Johnson*, 814 So.2d 390, 393 (Fla.2002). ("A patient's medical records enjoy a confidential status by virtue of the right to privacy contained in the Florida Constitution...."). In addition, to the constitutional right to privacy in Florida, section 456.057, Florida Statutes (2009), creates a broad doctor-patient privilege of confidentiality that protects both medical records and communications between a person and his doctor. *See State v. Sun*, 82 So. 3d 866, 870 (Fla. Dist. Ct. App. 2011) *citing Acosta v. Richter*, 671 So.2d 149, 15051, 154, 156 (Fla.1996). Defendants' requests violate the Savages' Constitutional rights to privacy in their private life including private family matters, business and personal relationships, family photos and photos of their children that have no involvement with or bearing on the underlying matter or the claims and defenses at issue. As a result of the gross violation of the Savages' right privacy, this Court should quash the subpoena.

13

F. The Subpoena improperly seeks confidential and proprietary information unrelated to the underlying cause of action.

Because the subpoena seeks *all* communications from each of the Savages for thirty-six (36) months, the subpoena will necessarily elicit confidential and proprietary information about matters unrelated to the present dispute, involving other business opportunities that the Savages may be considering or involved in, private family matters, their children's school and medical records, business and personal relationships, account passwords, family photos and photos of their children which have no involvement with or bearing on the underlying matter or the claims and defenses at issue.

Defendants made absolutely no effort to limit their request to non-privileged matters relevant to this action and proportionate to the needs of discovery in this case. From a practical perspective, even if Plaintiffs were provided with access to the records to screen them for privileged, non-confidential and proprietary information, when thousands or even tens of thousands of communications may be at issue, there is no practical way for Plaintiff to review them. Nor should that burden be imposed on the Court through an *in camera* review. Merely raising this issue harkens back to the innumerable defects with the Subpoena: it does not seek relevant, non-privileged information which is proportionate to the needs of discovery.

For this additional reason, Plaintiff's request that the Court quash the subpoena and issue a protective order prohibiting the discovery sought through Defendants' subpoena to Verizon.

G. The subpoena improperly seeks confidential financial information

The improper pursuit of the Savages' day-to-day confidential and private communications includes confidential financial information regarding the Savages' personal finances and other financial information are equally as invasive. Typically, protections are put in place for

14

safeguarding the disclosure of information related to financial and banking records. This case involves the post-employment breach of BTD's former employee and its trade secret misappropriation claim. For Defendants to now seek cellphone records and texts from the Savages that encompass communications on financial matters for a three-year period, unbounded by the relevant facts in the litigation is abusively disproportionate and not the least bit relevant. For this additional reason, Plaintiffs respectfully urge the Court to quash the subpoena or prohibit its enforcement by issuance of a protective order.

 H. The subpoena was improperly served.

Initially, the Subpoena was served by email on March 28, 2025, without notice to each of Plaintiffs' counsel of record, in violation of Fed. R. Civ. P. 45(a)(4). Based on Plaintiff's written objections, Defendants later provided a copy of the Subpoena to the remaining counsel of record on March 31, 2025. While the notice was subsequently sent to each of Plaintiff's counsel, it is unclear when the Subpoena was *actually* served.

### III. SANCTIONS

Plaintiffs also seek their reasonable attorneys' fees and costs associated with the present motion. Under FRCP 45(d)(1), a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. When the court for the district where compliance is required determines that the party who issued a subpoena without taking "reasonable steps to avoid imposing undue burden or expense" on a third party, the issuing court *"must ...* impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees" — on the party or attorney responsible for the failure to do so. Fed. R. Civ. P. 45(d)(1) *(emphasis added). Breaking Media, Inc. v. Jowers,* 2021 WL 1299108, at *7 (S.D.N.Y. 2021). Rule 45 "makes explicit the principle of accountability

applicable to discovery matters stated in Rule 26(g)." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 2463, p. 477. Indeed, Rule 45(c) imposes an obligation on the attorney issuing the subpoena to take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena and the courts are directed to enforce this duty. Issuing a subpoena in good faith is not sufficient to avoid sanctions under Rule 45(c)(1). *See Huntair, Inc. v. Climatecraft, Inc.*, 254 F.R.D. 677, 679 (N.D. Okla. 2008) ("good faith in issuing a subpoena is not sufficient to avoid sanctions under Rule 45(c)(1) if a party has issued the subpoena in violation of the duty imposed by that Rule" *quoting Builders Ass'n of Greater Chicago v. City of Chicago*, 2002 WL 1008455 at *3 (N.D.Ill. May 13, 2002); *Liberty Mutual Ins. Co. v. Diamante*, 194 F.R.D. 20, 23 (D.Mass.2000). The test is whether there has been a breach of counsel's duty to take reasonable steps to avoid imposing undue burden or expense. *Id. citing Builders Ass'n of Greater Chicago*, 2002 WL 1008455 at *3. "When a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(c)(1)." *Breaking Media, Inc. v. Jowers*, 2021 WL 1299108, at *7 (S.D.N.Y. Apr. 7, 2021) *quoting Molefi v. Oppenheimer Tr.,* 2007 WL 538547, at *3 (E.D.N.Y. 2007) and *Builders Ass'n of Greater Chi.*, 2002 WL 1008455, at *4 (N.D. Ill. May 13, 2002).

Defendants refused to narrow the scope of the Subpoena much less address *any* of Plaintiffs' objections on privilege, relevance, and proportionality grounds. As a result of having to file the instant motion to quash and/or for a protective order, Plaintiff believes reasonable sanctions in the amount of Plaintiffs' attorneys' fees incurred with the instant motion should be imposed on Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant BTD and the Savages' motion in its entirety.

Dated: New Haven, Connecticut
April 25, 2025

**PLAINTIFF AND COUNTERCLAIM DEFENDANTS BEYOND THE DOG, LLC, AND BY SPECIAL APPEARANCE KRISTYN ECHTERLING-SAVAGE AND SEAN SAVAGE**

By: /s/ Glenn A. Duhl
Glenn A. Duhl 2560043
Zangari Cohn Cuthbertson
    Duhl & Grello P.C.
59 Elm Street, Suite 400
New Haven, CT 06510
Tel.: (203) 786-3709
Fax: (203) 782-2766
gduhl@zcclawfirm.com